ADAM YOUNG & REASOR *v.* FRANK HENRY.

**Bill of Sale—Lien Reserved—Unrecorded—Subsequent Mortgage—Actual Notice.**

Although a bill of sale, in which a lien has been reserved has not been recorded, it is superior to the lien of a subsequent mortgagee who had acutal notice of the unrecorded lien.

APPEAL FROM JEFFERSON (LOUISVILLE CHANCERY) COURT.

Sptember 25, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Through the lien reserved in the bill of sale was never recorded so as to give constructive notice of it to the subsequent mortgagee whose mortgage was recorded, yet he had, as the chancellor was bound to believe from the proof, actual notice which is much better. Consequently the decree preferring the unrecorded to the recorded lien was, in that respect, right and is affirmed.

But it seems to this court that so much of the decree as sustained the attachment is not sustained by the record. There is no evidence impeaching the mortgage as fraudulent or colorable; nor is there any evidence tending to prove a sale of or purpose to sell any property to postpone or embarrass any creditor. And the testimony of the only witness examined to prove the denied charge of a contemplated removal from the state failed to do so. His evidence cannot be consistently interpreted otherwise than as importing that Young, the common debtor, said, a few days *after the attachment of his goods, that,* unable to carry on his barber's shop, he thought he would remove to Memphis.

The judgment sustaining the attachment is therefore reversed, and the case remanded with instructions to dismiss the attachment. And as there is a partial affirmance and reversal, there will be no judgment for costs in this court.